GONZÁLEZ ET AL., PLAINTIFFS AND APPELLANTS, *v.* CABRERA, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Arecibo in an Action for the Annulment of a Dominion Title Proceeding and of its Record in the Registry.

No. 1872.—Decided July 22, 1919.

PLEADING—COMPLAINT.—The complaint sets up that the property sued for in the liquidation and partition of an estate of inheritance was acquired during the wedlock of Paulino González and Micaela Rivera; that the latter died first, leaving some children as her heirs; that the widower, without the intervention of the heirs of Micaela Rivera, sold the property to Eusebio Cabrera, the defendant, as his separate property, and that Cabrera recorded it in the registry as lawfully acquired by means of a dominion title proceeding. *Held:* That the complaint alleges facts sufficient to constitute a cause of action.

ID.—ID.—DEMURRER.—Although a complaint may contain allegations which are matters of evidence, others that are conclusions of law and others purely argumentative, if when considered as a whole they undoubtedly show a cause of action, a demurrer that it does not state facts sufficient to constitute a cause of action will not be sustained.

ID.—ID.—CAUSE OF ACTION.—In accordance with section 191 of the Code of Civil Procedure, although the plaintiff may not be entitled to all the relief prayed for, if he is entitled to a part it cannot be said that the facts alleged do not constitute a cause of action.

The facts are stated in the opinion.

*Mr. Pedro C. Timotheé* for the appellants.

*Mr. Antonio Lens Cuena* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an appeal by the plaintiffs from a judgment entered on January 15, 1918, by the District Court of Arecibo, dismissing the complaint without costs on the ground of lack of facts sufficient to constitute a cause of action.

The fundamental allegations of the complaint are substantially as follows:

"That the spouses Paulino González and Micaela Rivera were the owners of a property situated in the ward of Unibón, municipality of Morovis, composed of 30 acres, which the former acquired while married to the latter.

"That Micaela Rivera and Paulino González died intestate in the years 1903 and 1915, respectively.

"That at her death Micaela Rivera left the following legitimate children, had during her marriage with Paulino González: Facundo, Domingo, Carmen, Basilisa, Emilia, Avelina de Jesús and Gumersinda González Rivera, of whom Gumersinda, Emilia and Avelina de Jesús González Rivera died, respectively, in 1904, 1906 and 1908, the first without succession, the second leaving four legitimate children named Bernardo, Claudina, Tecla and Santos, had during her marriage with Juan Aponte, and the third, Avelina de Jesús, leaving of her marriage with Salomé Adorno three legitimate children named Modesta, Paulina and Emiliano, a designation of the intestate heirs of all those deceased having been made by the District Court of Arecibo on March 27, 1916.

"That the property referred to, and of which the spouses Paulino González and Micaela Rivera were the owners, is now in the possession of defendant Eusebio Cabrera who holds the same by virtue of a dominion title proceeding brought in the court of Arecibo on September 18, 1912, approved by the court on January 13, 1916, and recorded in the registry of property on March 29, 1916.

"That from the dominion title proceeding Eusebio Cabrera appears as having purchased the property in question from Paulino González in the year 1909, the said sale, supposing that it was made, being absolutely null and void because there was no participation therein by the legitimate children of Micaela Rivera, of whom Emilia and Avelina de Jesús González Rivera had already died, the latter leaving as heirs her aforesaid legitimate children who were minors when the sale was made.

"That the dominion title proceeding is affected by grave omissions which render it null and void, namely: (*a*) It does not show that Paulino González was a widower in 1909; (*b*) it does not state, even by reference, the name of his wife and co-owner of the property; (*c*) it does not mention the existence of the legitimate children of Paulino González; (*d*) it does not show the participation in and

authorization of the heirs of Micaela Rivera for making the sale; (*e*) it does not refer to an authorization of the court for making the sale of the property inherited by the minor children of the deceased heirs Emilia and Avelina de ·Jesús González Rivera.''

The complaint prays for judgment annulling the dominion title proceeding approved in favor of Eusebio Cabrera and for the annulment of its record in the registry, and ordering restitution by him of the property to the heirs of Paulino González and Micaela Rivera so that the estate may be liquidated and partitioned, and the payment of the sum of $500 as an indemnity for the undue detention of the property.

The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action and the demurrer was overruled, whereupon the defendant answered, denying generally each and all of the allegations of the complaint and setting up as special defense that the defendant acquired the property described in the complaint by purchase from Paulino González, who, in turn, had acquired half of it as his share in the community property and half by purchase from the heirs of his wife. The case was brought to trial on the issue so joined and judgment was entered on January 15, 1918, sustaining the said demurrer and dismissing the complaint without costs.

The plaintiffs appealed from that judgment to this court and allege that the lower court erred in holding that the facts set up in the complaint did not determine a cause of action.

The property described in the complaint was acquired by Paulino González during his wedlock with Micaela Rivera and should be considered as conjugal partnership property in accordance with section 1322 of the Civil Code, for it does not appear that it was the separate property of either the husband or the wife.

When Micaela Rivera died in 1903 the property passed to Paulino González as a member of the conjugal partnership

and to the seven children born of his marriage with Micaela
Rivera by title of inheritance, for according to section 665
of the said code, the rights to the succession of a person are
transmitted from the moment of his death. By the death
of Micaéla Rivera there was no other change in the legal
condition of the property than that it belonged to the wid-
ower and heirs of Micaela Rivera as her representatives,
whereas it **formerly belonged** to the conjugal partnership
composed of Paulino González and Micaela Rivera.

The widower and children of the deceased Micaela Ri-
vera being the owners of the property, he and they had the
right to use and dispose of their corresponding shares, but
no one of them had the right to use and dispose of the prop-
erty to the exclusion of the others. Section 354 of the Civil
Code.

Applying this principle to the case under consideration,
Paulino González could not dispose of the whole property
by selling it to Eusebio Cabrera without the cooperation of
the other joint owners, the children of Micaela Rivera;
therefore, in so far as it affected the shares of those who
did not participate in the contract, the sale was null and void
in law and could have no legal effect. *Nemo dat quod non
habet.*

And the sale being null and void, at least partially, the
dominion title proceeding prosecuted by Eusebio Cabrera
must also be null and void as regards the joint interests of
the heirs of Micaela Rivera in the property.

In order to show a cause of action in this case, it was
sufficient to allege that the property in question was acquired
during the existence of the conjugal partnership composed
of Paulino González and Micaela Rivera; that the latter
died first, leaving children as her heirs; that the widower,
without the cooperation of the heirs of Micaela Rivera, sold
the property to Eusebio Cabrera as if it were his separate
property, and that Cabrera recorded it in the registry as

lawfully acquired by virtue of a dominion title proceeding. These allegations were made in the complaint.

It is true that there are allegations in the complaint which contain matter of evidence, others that are conclusions of law and others purely argumentative; but, considered as a whole, they undoubtedly show a cause of action, as we have seen; therefore the demurrer which was sustained should have been overruled.

If the facts stated in a complaint constitute a valid and sufficient cause of action, although it may set up unnecessary, immaterial, or redundant matters, a demurrer will not lie. Estee's Pleadings, sec. 3072 and cases cited. On demurrer the court should not pay any attention to form, if it can find in the complaint any allegations which, under any view of them, may give the plaintiff a right to recover. Estee's Pleadings, sec. 3074 and cases cited. If the complaint contains the elements of a cause of action, however inartificially it may be stated; and if, on analyzing the facts disclosed, the whole or any part of them can be resolved into a cause of action, the demurrer should be overruled. Estee's Pleadings, sec. 3074.

Section 122 of our Code of Civil Procedure provides that in the construction of a pleading for the purpose of determining its effect, its allegations must be liberally construed, with a view to substantial justice between the parties.

And it cannot be said that the plaintiffs pray in the complaint for the annulment of the dominion title proceeding and the cancelation of its record in the registry, and that the defendant be ordered to deliver the whole property to the plaintiffs, when, according to the allegations of the complaint, the defendant lawfully acquired the part that belonged to Paulino González, regarding which the sale cannot be annulled, nor can it be delivered to the plaintiffs.

This has no force in support of the demurrer. The court may grant the plaintiff any relief consistent with the case made out by the complaint and embraced within the issue.

Section 191 of the Code of Civil Procedure. Under this statute, although the plaintiff may not be entitled to all the relief prayed for, if he is entitled to a part it cannot be said that the facts alleged in the complaint do not constitute a cause of action. Our code, in section 105, expressly provides that the defendant may demur to the complaint when it appears on the face thereof that the complaint does not state facts sufficient to constitute a cause of action, but it does not require that the complaint should state facts sufficient to support all of the relief prayed for.

The judgment is reversed and the court is ordered to proceed consistently with the principles set forth in this opinion.

*Reversed and remanded.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.